IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation, and
SUNCOR ENERGY SERVICES INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on plaintiff's **Motion for Reconsideration** [Doc. # 67, filed 2/8/2012], which is GRANTED insofar as it seeks an extension of time for the plaintiff to make certain discovery and DENIED in all other respects.

By an Order entered on January 5, 2012, I denied the Defendants' Proposed Revised Protective Order finding:

> Both parties sought the entry of a blanket protective order, but they could not agree on the proper scope of the material entitled to be designated as Confidential. . . .  Despite my efforts to assist, the parties still are unable to agree on the scope of material entitled to be designated as Confidential.
>
> Under circumstances like these, where the parties cannot agree even as to basics, I do not anticipate that a blanket protective order can be effectively utilized or that it will facilitate orderly and efficient discovery. Consequently, I will not enter one. If necessary, the parties may seek protection by means of particularized protective orders, but in doing so they should bear in mind the mandates of Rule 26(c)(3) and 37(a)(5), Fed. R. Civ. P., concerning the award of attorneys fees and costs.

Order [Doc. # 57](internal citations omitted).

Shortly thereafter, the defendants filed a Motion for Protective Order [Doc. # 58, filed 1/10/2012] seeking to quash Rule 30(b)(6) deposition notices issued by the plaintiff's counsel. I granted the motion finding that the matters for examination were obviously improper and, pursuant to Rule 26(c)(3), awarded the defendants their reasonable expenses incurred in making the motion, including attorneys fees. Order [Doc. # 65]. The award was made against the plaintiff's counsel, and not the plaintiff.

Plaintiff's counsel requests that I reconsider my Order in two respects: (1) relieving her of her obligations under the award of expenses and (2) granting an extension until February 14, 2012, within which the plaintiff must respond to certain discovery. The Motion for Reconsideration states that it is supported by "a confidential letter under seal" submitted "directly to the Magistrate Judge." Motion for Reconsideration [Doc. # 67] at ¶2.

Local rule of practice 77.2, D.C.COLO.LCivR, provides in relevant part:

> In the absence of previous authorization, no attorney or party to any proceeding shall sent letters, pleadings, or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

There was no previous authorization for the direct contact. The confidential letter submitted directly to me by email and not served on the defendants' counsel violates local rule 77.2 and will not be considered.

A motion to reconsider may be granted under limited circumstances:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

>prevent manifest injustice. Thus, a motion for reconsideration is
>appropriate where the court has misapprehended the facts, a
>party's position, or the controlling law.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The Motion for Reconsideration makes no such showing with respect to my award of expenses against plaintiff's counsel.

IT IS ORDERED that the Motion for Reconsideration [Doc. # 67] is GRANTED IN PART and DENIED IN PART as follows:

- GRANTED to extend the time within which the plaintiff must respond to the defendants' discovery to and including February 14, 2012; and

- DENIED in all other respects.

Dated February 10, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge