IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation, and
SUNCOR ENERGY SERVICES INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Defendants' Motion for Reasonable Expenses** [Doc. # 71, filed 2/14/2012] (the "Motion"). The Motion is GRANTED as specified below, and the defendants are awarded their reasonable expenses, including attorneys' fees, incurred in making the Motion for Protective Order [Doc. # 58] in the amount of $9,986.60.

I previously granted the defendants' Motion for Protective Order in its entirety and quashed the plaintiff's Rule 30(b)(6) deposition notices. Order [Doc. # 65]. In doing so, I noted that the Rule 30(b)(6) notices were "blatantly improper," Transcript of Proceedings [Doc. # 74] ("Trans.") at p. 24 lines 5-7; that plaintiff's counsel had taken unreasonable positions on discovery matters in an improper attempt to obtain priority of discovery, id. at p. 23 line 22 through p. 24 line 4; and that plaintiff's counsel had failed to heed my earlier warning that in ruling on discovery disputes I was likely to award attorneys' fees and costs to the prevailing party. Order [Doc. # 57] at pp. 1-2.

Rule 26(c)(3), Fed. R. Civ. P., compels the award of reasonable expenses and attorneys'

fees incurred in making a motion for protective order if (i) the movant made a good faith attempt to resolve the matter before seeking court intervention; (ii) the opposing party's position is not substantially justified; and (iii) making the award is not unjust.  I previously reviewed these factors and found that an award was appropriate against plaintiff's counsel.  Trans. [Doc. # 74] at p. 28 lines 1-24; Order [Doc. # 65] at pp. 1-2.

The Motion includes a detailed description of the services rendered, the amount of time spent, the hourly rates charged, the total amount claimed, and defense counsels' qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating reasonable attorneys' fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).  "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.      Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees.  The burden of proof lies with the prevailing party seeking fees.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The defendants' Motion differentiates between the hours spent in opposing the Rule 30(b)(6) depositions and the hours spent seeking to recover their expenses and fees.  The defendants seek recovery for 45.1 hours in opposing the discovery and 7.1 hours in seeking their expenses and fees.

Plaintiff's counsel disputes the reasonableness of the hours claimed, arguing first that the defendants did "not adequately confer prior to filing their motion for protective order. . . ."

Response [Doc. # 76] at p. 2.  I previously found that the defendants made substantial efforts to resolve the dispute prior to filing the Motion for Protective Order, but those efforts were "rebuffed by [plaintiff's] refusal to confer about the issue at hand until there had been an acquiescence as to the date of the depositions" and that "[a]ny failure in the conferral process [was] entirely the fault of plaintiff's counsel."  Trans. [Doc. # 74]] at p. 28 lines 10-19.  Plaintiff's counsel emphasizes that there was a "47-day delay in Defendants' counsel's first attempt to confer. . . ."  Response [Doc. # 76] at p. 1.  Even accepting that as true, defendants' counsel initiated a Rule 7.1A conference no later than December 23, 2011.  Thereafter, the evidence establishes that defense counsel communicated with plaintiff's counsel on several occasions and sent detailed letters, specifying the defendants' objections to the Rule 30(b)(6) notices and citing legal authority in support of their position.  Motion for Protective Order at Exhs. C and D [Docs. ## 58-3 and 58-4].   Those efforts notwithstanding, plaintiff's counsel refused to address the substance of her deposition notices until the defendants first agreed on alternative deposition dates, Response at Exh. C [Doc. # 61-5] at p. 2 of 7, and plaintiff's counsel never agreed to modify her blatantly improper notices.  There is no reason to believe the defendant would have achieved any greater success by undertaking immediate negotiations about the notices.

     Plaintiff's counsel also complains that the total number of hours claimed is excessive and includes duplicative billing by multiple timekeepers. I agree.  After careful review, I will allow the following hours as reasonably necessary to obtain a protective order quashing the Rule 30(b)(6) deposition notices and recovering the award of expenses and fees:

| **Attorney** | Barnes | Klopman | Hoke | Wells |
|---|---|---|---|---|
| **Hrs. Opposing Rule 30(b)(6) Notices** | 13.5 | 0.8 | 10.6 | 2.9 |
| **Hrs. Seeking Expenses** | 2.5 | 0 | 0 | 2.0 |
| **Total** | 16 | 0.8 | 10.6 | 4.9 |

**2.    Reasonable Hourly Rate**

The defendants claim attorneys' fees at the following rates:

- Barnes:     $364.50

- Klopman:    $274.50

- Hoke:       $220.50

- Wells:      $198.00.

The defendants bear the burden of establishing that the rates are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing"in the relevant market).

Mr. Barnes is a shareholder in the litigation department at Brownstein Hyatt Farber Schreck with nearly 19 years experience. Ms. Klopman also is a shareholder, with more than ten years experience and an expertise in defending employment discrimination cases. Mr. Hoke is an associate in the litigation department with five years experience, and Ms. Wells is an

associate with less than one year of experience. I am aware that it is not unusual for sophisticated law firms in the Denver market, like Brownstein Hyatt Farber Schreck, to bill beginning associates at $200.00 per hour and seasoned shareholders with substantial experience at $400.00 per hour or more. I find that the rates charged here by the various attorneys are within the prevailing market rates in the metropolitan Denver legal market.

Multiplying the number of hours reasonably incurred by the reasonable hourly rates charged by defendants' counsel results in an award of attorneys' fees of $9,359.10.

The defendants also seek expenses of $627.50 for computerized legal research. The expense was necessarily incurred and is reasonable.

I find that the defendants reasonably incurred expenses, including attorneys' fees, of $9,986.60 to obtain an order quashing the plaintiff's improper Rule 30(b)(6) deposition notices and an award of the fees and costs associated with obtaining the protective order.

IT IS ORDERED:

(1)   The Motion [Doc. # 71] is GRANTED as specified;

(2)   Defendants are awarded their reasonable expenses, including attorneys' fees, in the amount of $9,986.60;

(3)   The award is against the plaintiff's counsel and not the plaintiff; and

(4)   The monetary sanction shall be satisfied in full no later than April 5, 2012.

Dated March 5, 2012.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge