BHFS                           4/5/2012 10:56:30 AM   PAGE   8/019   Fax Server

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

    Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation; and
SUNCOR ENERGY SERVICES INC.,

    Defendants.

## STIPULATED BLANKET PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a blanket protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that (a) has been maintained as confidential and implicates common law or statutory privacy interests, or (b) is confidential business information which has been maintained as confidential and is protected by

**EXHIBIT A**

BHFS                           4/5/2012 10:58:30 AM   PAGE   9/019   Fax Server

contract or law. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the plaintiff's mother and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees

BHFS                    4/5/2012 10:56:30 AM   PAGE  10/019   Fax Server

to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time,

BHFS                    4/5/2012 10:56:30 AM  PAGE 11/019  Fax Server

the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. ~~Pursuant to D.C.COLO.LCivR 7.2(B), CONFIDENTIAL information and documents containing the same (regardless of which party made the designation), shall not be filed with the Court, except by filing the document or information as a "restricted document." The party who marked the document or information CONFIDENTIAL shall file a timely motion pursuant D.C.COLO.LCivR 7.2(B), and the other party shall not contest the Motion to Restrict Access unless the other party has previously objected to the designation of that particular CONFIDENTIAL information by giving written notice, as set forth in paragraph 8 of this Protective Order, before filing with the Court the document or information as a "restricted document."~~ [handwritten: Motions to restrict access shall comply with DC COLO L Civ R 7.2]

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 13th day of April 2012.

BHFS                        4/5/2012 10:56:30 AM   PAGE   12/019   Fax Server

SO ORDERED:

*[signature]*

Magistrate Judge Boyd N. Boland

KAZAZIAN & ASSOCIATES, LLC

/s/ Nina H. Kazazian
Nina H. Kazazian, Esq.
1300 N. Frontage Rd., West, Ste. 1952
Vail, CO 81657
Telephone: 303-888-1100
Email: nina@kazazian.com

Attorneys for Plaintiff Brenda M. Lopez

/s/Mark T. Barnes
Mark T. Barnes, #23091
Susan P. Klopman, #33179
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
Phone: 303.223.1100
Email: mbarnes@bhfs.com
       sklopman@bhfs.com

Attorneys for Defendants Suncor Energy (U.S.A.) Inc. and Suncor Energy Services Inc.

10225\19\1697365.1

5