IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation, and
SUNCOR ENERGY SERVICES INC.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion for Leave to File Second Amended Complaint** [Doc. # 126, filed 5/16/2012] (the "Second Motion to Amend"). I respectfully RECOMMEND that the Second Motion to Amend [Doc. # 126] be DENIED.

This action was commenced on January 12, 2011, by the filing of a Complaint [Doc. # 1]. The Complaint asserted four claims for relief including (1) discrimination based on gender and national origin in violation of Title VII; (2) violation of the Equal Pay Act; (3) violation of the Family Medical Leave Act ("FMLA"); and (4) violation of the Age Discrimination in Employment Act ("ADEA").

The plaintiff was granted leave to file an amended complaint. Minute Order [Doc. # 16]. The Amended Complaint, filed on April 27, 2011, includes additional factual allegations but asserts the same four claims for relief. Amended Complaint [Doc. # 17]. The district judge granted the defendants' motion and dismissed those portions of the Title VII and ADEA claims based on the plaintiff's failure to receive a promotion in August 2008 and her reassignment to a

different work site.  Order [Doc. # 29] at pp. 17-18.

Counsel for the parties experienced difficulties working with one another from the outset. See Order [Doc. # 57] (refusing to enter a blanket protective order and cautioning counsel that further discovery disputes could lead to the award of attorneys fees and costs).  Discovery misconduct by plaintiff's counsel eventually led to the imposition of sanctions against her. Order [Doc. # 82, filed 3/5/2012].  Shortly thereafter, plaintiff's counsel was allowed to withdraw from her representation.  Minute Order [Doc. # 107, filed 4/11/2012].  Substitute counsel entered its appearance on April 10, 2012.  Entry of Appearance [Doc. # 105].

Substitute counsel filed the Second Motion to Amend [Doc. # 126] on May 16, 2012, seeking leave to add a claim under 42 U.S.C. § 1981.  The deadline for seeking amendments expired months ago, on November 18, 2011.  The excuses offered by substitute counsel for the tardy request to amend all concern the conduct of plaintiff's prior counsel--engaging in discovery disputes and failing to conduct discovery; unexpected withdrawal from the representation; and refusing to turn over the case file.  Second Motion to Amend [Doc. # 126] at pp. 1-2.  In addition, substitute counsel describes the § 1981claim as "obvious and key" and as "aris[ing] from the same nucleus of facts involved in the Plaintiff's employment circumstances that underlie this action as currently constituted."  Id. at p. 3.

This case is substantially similar to Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684 (D. Colo. 2000), where I denied the defendant's motion to amend its answer, noting:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a two step analysis is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has good cause for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s good cause standard, it

> must then pass the requirements for amendment under Rule 15(a). . . .
>
> Rule 16(b)'s good cause standard is much difference than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith fo the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Id. at p. 687 (internal quotations and citations omitted).

In Colorado Visionary, the excuse for the late request to amend was simply that defense counsel had failed to do the research necessary to recognize the applicability of the defense it sought to add, which I found did not constitute good cause. Id. at 688. The excuses offered here are no more availing.

Oversight of plaintiff's original counsel in bringing the claim does not demonstrate good cause. Pownell v. CREDO Petroleum Corp., 2011 WL 2565490 *3 (D. Colo. June 29, 2011). Nor does the fact that substitute counsel is dissatisfied with the state of the case it inherited establish good cause to modify a case schedule. See Marcin Engineering, LLC v. The Founders at Grizzley Ranch, LLC, 219 F.R.D. 516, 521 (D. Colo. 2003). Finally, the fact that the plaintiff may initiate a new action and assert the claim there that she seeks to add here does not compel a different result. See Lariviere, Grubman & Payne, LLP v. Phillips, 2010 WL 4818101 *4 (D. Colo. Nov. 9, 2010)(affirming recommendation denying amendment even though the disallowed claim could be brought in a separate lawsuit).

The plaintiff has failed to show good cause to extend the deadline to join parties and amend pleadings. Consequently,

I respectfully RECOMMEND that the Second Motion to Amend [Doc. # 126] be DENIED.[1]

Dated June 1, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).