IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY USA, INC.,
a Delaware corporation, and
SUNCOR ENERGY SERVICES, INC.,

Defendants.

_____

**PLAINTIFF'S RESPONSE TO MOTION BY ITS FORMER COUNSEL
TO REASSERT ATTORNEY'S LIEN**
_____

PLAINTIFF Brenda M. Lopez responds herewith to the Motion filed by her former counsel in this action, Nina H. Kazazian, seeking to enforce a purportedly reasserted attorney's lien against the Plaintiff (Doc #149), following former counsel's having first withdrawn from representing the Plaintiff and after having notified the Court of her intent to release any rights under an attorneys lien sought pursuant to C.R.S. § 12-5-119.

**I.
PRELIMINARY STATEMENT**

In an inexplicably "reasserted" attorney's lien claimed by Plaintiff's former counsel, Nina H. Kazazian ("Ms. Kazazian"), seeks enforcement of a statutory lien covering an award of charged but unpaid hourly fees and a 15% partial contingent fee arising from a settlement between Plaintiff and Defendants Suncor Energy USA, Inc. and Suncor Energy Services, Inc. ("Suncor") reached on June 15, 2012. The undersigned, as replacement counsel, together with

Suncor's counsel, agreed at the Judicial Arbiter Group, Inc on behalf of their respective clients to settle the case that day.

The settlement remains unperformed because of the reluctance of the Plaintiff's present counsel and counsel for Suncor to perform the settlement so long as Ms. Kazazian has chosen to renege on her decision to release and waive her claimed lien rights, and because she is not entitled to the compensation she seeks under an attorney-client agreement denominated as a "Blended Value-Added Contingent Fee Agreement, (hereinafter referred to as the Attorney-Client Agreement), into which she and the Plaintiff entered prior in January, 2011 (Doc #122-1).

The Plaintiff necessarily contests Ms. Kazazian's right in this action to reassert a once-waived and terminated attorney's lien in this case, or to effectively extract an award for hourly fees representing substantial overcharges, including, in part, for a discovery dispute resulting in an award of sanctions directed by the Court to be paid by Ms. Kazazian but not by the Plaintiff -- but the time spent in the futile defense of which, and of whose existence the Plaintiff was unaware, was nonetheless charged to the Plaintiff. The Plaintiff also opposes assertion of an attorney's lien seeking to collect a 15% contingent fee that under substantially identical circumstances has been held by the Colorado Supreme Court to be unenforceable.

## II.
## PROCEDURAL POSTURE OF THE CASE

On March 23, 2012 Mrs. Kazazian filed her motion for leave to withdraw "forthwith" as counsel for the Plaintiff, citing "extenuating personal reasons" for doing so (Doc # 92). The Court allowed Ms. Kazazian to withdraw as Plaintiff's counsel on April 11, 2012 (Doc. # 107). The undersigned entered his appearance as counsel for the Plaintiff on April 12, 2012 (Doc # 105).

On May 3, 2012, Ms. Kazazian filed a Notice of Lien in this action in claimed reliance on the provisions of C.R.S. § 12-5-119 (Doc. #122).  A week later, on May 10, 2012, Ms. Kazazian filed a Motion to Enforce Attorney's Lien (Doc. #123). She next filed an additional document entitled Notice of Withdrawal of Motion to Enforce Lien (Doc #135) on May 31, 2012.  Judge Babcock entered an Order authorizing withdrawal of this Motion on June 1, 2012 (Doc #132).

Later, on June 26, 2012 Ms. Kazazian filed a Notice of Withdrawal of Notice of Lien (Doc #146).  By minute order entered on June 29, 2012, the Court converted the Notice of Withdrawal of Notice of Lien to a Motion seeking its withdrawal. (Doc #135). On July 19, 2012, the Plaintiff and Suncor filed a Joint Response to Motion Re Notice of Withdrawal of Notice of Lien (Doc #147), advising the Court that neither the Plaintiff nor Suncor opposed granting the motion. That motion remains pending, though unopposed, and has been set for hearing before this Court together with other pending matters on August 30, 2012 at 8:30 AM.

Meanwhile, Ms. Kazazian filed a "Second (Reasserted) Notice of Lien" (Doc. 148) on July 20, 2012 claiming to exert the same lien rights she had already released in her Notice of Withdrawal of Notice of Lien (Doc #146) some three weeks earlier.  While the Court has not as yet ruled on the unopposed motion to which the Court converted her June 29, 2012 lien withdrawal, withdrawal of her claimed lien remains unopposed.

### III.
### THE MERITS

#### A. The Attorney's Lien Has Been Waived and Released.

Ms. Kazazian's rights to an attorney's lien have been voluntarily released and waived; she may not lawfully reassert them.  In her Notice of Release of Lien (Doc. 146), Ms. Kazazian set forth that . . .

> The law firm of Kazazian & Associates LLC, and specifically Nina H. Kazazian, an attorney at such firm, hereby Withdraws the Notice of Lien

3

> filed in this action on May 3, 2012 [Docket #122], without prejudice. Lien Claimant specifically reserves all rights and claim unpaid amounts due pursuant to the Fee Agreement, *but elects not to pursue those claims in this action.* (Emphasis supplied).

The only fair reading of Ms. Kazazian's language is that while she believes she is owed fees, both hourly and contingent, she has " . . . elect[ed] not to pursue those claims in this action." So it is with attorneys' liens. Fillmore v. Wells, 10 Colo. 228, 235(Colo. 1887); People v. Harthun, 581 P.2d 716, 718 (Colo. 1978) ("An attorney's ability to assert his lien can be waived or lost.")

Ms. Kazazian, a trained and experienced lawyer, cannot seriously maintain otherwise. Nothing appears clearer than that Ms. Kazazian has elected to pursue her claims for hourly and contingent fees, if at all, in another forum than "in this action." *Id*. In doing so, she has waived, and therefore released, her right to pursue those claims here.

**B.   Hourly Fees.**

Even if she could lawfully reassert a once-waived attorney's lien, the hourly portion of the fees sought substantially exceeds the "fair" fee requirement of Rule 1.5 of The Rules of Professional Conduct promulgated by the Colorado Supreme Court which, pursuant to D.C. Colo LCrR 57.6 of this Court has made applicable, with exceptions not pertinent here, to the fee claims that the purportedly "reasserted" attorney's lien subsumes. The Plaintiff, it will be shown at this Court's scheduled hearing, has paid Ms. Kazazian far more than a "fair fee" already.

Ms. Kazazian's time as counsel for the Plaintiff, as this Court's evidentiary hearing on August 30, 2012, together with the Court's prior hearing resulting in sanctions for discovery abuses, has been characterized by an initially puzzling but finally vexatious disputation with opposing counsel, the waste of court time, attempts to relitigate issues that had long since been decided and reassertion of arguments rejected over and over again.  The added feature of this behavior of which the Court will be made aware at its August 30, 2012 evidentiary hearing is

4

that Mrs. Lopez, the Plaintiff, was unaware that Ms.Kazazian was engaging in such disruptive tactics because their existence was undisclosed to the Plaintiff. Note, for example, that in the sole response to interrogatories tendered to opposing counsel by Ms. Kazazian, these were not signed by the Plaintiff as required by Fed. R. Civ. P. 33(b), but rather by Ms. Kazazian herself. The Plaintiff will testify that she waited until midnight one night for promised draft e-mailed responses for these interrogatories, but that they never came.

This Court made its Order entering sanctions against Mrs. Kazazian regarding that and other discovery violations, but required that they be paid not by the Plaintiff, but rather solely by Ms. Kazazian – but these remain unpaid as of the drafting of this Response. That circumstance did not, however, deter Ms. Kazazian from charging the Plaintiff hourly fees for engaging in the behavior for which she has been sanctioned.   Ms. Kazazian seeks to be paid such fees.

Ms. Kazazian is an experienced attorney with substantial litigation experience, but the disruptive practices evidenced in this case are apparently nothing new. In <u>Alward v. Vail Resorts, Inc</u>., Civil Action No. 04WM-860-PAC, Ms. Kazazian's vexatious tactics involving dubious and repeated requests for extensions of time, on account of "computer crashes" and otherwise, repeated unwillingness to accept court rulings and continuing to dispute them after ruling, seem to be an unavoidable feature of litigation that involves Ms. Kazazian as counsel for a party.  Former Magistrate Judge Coan and District Judge Walker Miller had occasion to deal repeatedly with Ms. Kazazian's combative trial demeanor and strategy in the form of sanctions imposed in the <u>Alward</u> matter. *See*, "Order re: Sanctions," (Doc 127), February 17, 2005; Order re: Sanctions (Doc 179), April 28, 2005; "Order" (Doc. 243), July 29, 2005 (referring to "computer crash").

The Plaintiff is of course aware that this Court intends to conduct an evidentiary hearing on August 30, 2012, at which the Plaintiff will offer both exhibits and testimony attesting to the excessive numbers of hours recorded in needless and wasteful disputation in this Court in the present case. Such evidence will call to mind the conduct sanctioned in the Alward matter.

Additionally, even if the hourly charges were not of such character, there is evidence from Mrs. Kazazian herself that the hours recorded were excessive under the circumstances. Mrs. Kazazian has informed the Court in other pleadings in this case of her apparent inability "to function," and that in at least one instance, a legal task that should have taken her three hours took ten hours instead, on account of the pressures of Ms. Kazazian's personal problems. This strongly suggests Ms. Kazazian's inability to represent the Plaintiff in an efficient manner.

One who claims under an attorney' lien has the continuous burden of proving that the amounts charged, hourly or otherwise, benefited the client and were reasonably worth what was charged. These hourly charges, under the circumstances, cannot have been. Mrs. Lopez, as evidence at the hearing will disclose, has paid Ms. Kazazian well in excess of $40,000 in hourly fees. When the amount of improperly charged hourly fees Ms. Kazazian has charged Mrs. Lopez are deducted from what Mrs. Lopez has already paid, the Court will find the Plaintiff owes Ms. Kazazian nothing.

    C.    **Contingent Fees.**

A review of the Attorney-Client Agreement providing, in part, for a 15% contingency fee, discloses no provision that recites how the contingent fee portion of the agreement will be addressed in the event of a voluntary withdrawal of counsel before the case is concluded.  Under Rule 23.3 of the Colorado Rules of Civil Procedure, which implements Rule 5(d) of the

6

Colorado Rules of Professional Responsibility, the contingent fee portion of the Attorney-Client Agreement is therefore unenforceable as a matter of law. <u>Elliott v. Joyce</u>, 889 P.2d 43, 46 (1994).

> Elliott's contingent fee agreement includes the required statement of the contingencies upon which the client is to be liable, as required by Rule 5(d). However, other than recovery for amounts collected by Elliott (a contingency not applicable due to Elliott's withdrawal), the agreement otherwise only provides for client liability when the client terminates the agreement. Mutual abandonment or voluntary withdrawal by the attorney is not a contingency expressly provided or contemplated by the express terms of the fee agreement. Thus, although it specifically provides that the client must pay the attorney a fee based upon time and effort for services rendered if the client terminates the fee agreement, the fee agreement is silent as to liability when either Elliott unilaterally terminates the agreement or Elliott and Joyce mutually terminate the agreement. Hence, pursuant to Rule 6, by failing to expressly include a contingency as required to be set forth by Rule 5(d), Elliott cannot enforce payment by Joyce. *(Emphasis added.)*

*Id*. Ms. Kazazian sought leave to withdraw, as her motion states, for "extenuating personal reasons," which the Plaintiff will testify Ms. Kazazian told her were the emotional consequences of a recently concluded divorce. The Attorney-Client Agreement between the Plaintiff and Ms. Kazazian, as in <u>Elliott v. Joyce</u>, *id*., is silent as to what the consequence of voluntary withdrawal of counsel is on the contingent portion of the Attorney-Client Agreement. Under <u>Elliott</u>, the contingent portion of the Attorney-Client Agreement is therefore unenforceable as a matter of law. This is merely sound public and judicial policy. <u>Fasing v. Lafond</u>, 944 P.2d 608, 611 (Colo. 1991) ("[The] burden to ensure the validity of a contingent fee agreement is placed squarely and solely upon the attorney. Placing this burden on the lawyer clearly reflects the overriding policy in attorney-client relations to hold the attorney responsible for advising the client of the nature of the relationship.")

7

## IV.
## CONCLUSION

Ms. Kazazian's efforts to reassert her once-waived and released attorney's lien should be found unavailing and her second reasserted lien stricken for the reasons set forth in this Response.

Dated this 6th day of August, 2012.

>THE BURKE LAW FIRM, P.C.
>
>/s/ *Thomas J. Burke, Jr.*
>Thomas J. Burke, Jr., #547
>1801 Broadway, Suite 1100
>Denver, Colorado 80202
>Phone: 303-292-0110; Fax: 303-292-3661
>**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of Aigust, 2012, I electronically filed the foregoing with the Clerk of Court U.S. District Court of Colorado using the CM/ECF online filing system which will send notification of such filing to the following email addresses:

Mark T. Barnes #23091
Susan P. Klopman #33179
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Emails: mbarnes@bhfs.com
sklopman@bhfs.com

I also hereby certify that a true and correct copy of the foregoing was sent to the following additional individiuals in this action, via: email and U.S. mails, postage prepaid as follows:

Brenda M. Lopez
309 Cremello Ct
Castle Rock CO 80104
email: "confidential to attorney"

Nina H. Kazazian
Kazazian& Associates, LLC
1300 N. Frontage Rd. W, #1952
Vail, CO 81658
email: nina@kazazian.com

                                              __/s/ Deborah Elmore_____
                                              Deborah Elmore, paralegal

.