IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation, and
SUNCOR ENERGY SERVICES INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)   **Combined Motion to Stay Defendants' Motion for Reasonable Fees and Lien Claimant's Motion to Enforce Lien Or, In the Alternative, Motion for Extension of Time to Respond and Reply to the Pending Motions** [Doc. # 156, filed 8/10/2012] (the "Motion to Stay") filed by Nina Kazazian;

(2)   **Motion to Quash Subpoena Duces Tecum** [Doc. # 160, filed 8/16/2012] (the "First Motion to Quash"), filed by the plaintiff;

(3)   **Motion to Quash Second Subpoena Duces Tecum In Part** [Doc. # 163, filed 8/22/2012] (the "Second Motion to Quash"), filed by the plaintiff; and

(4)   **Motion for Extension of Time to Respond to Plaintiff's Motions to Quash and to File Witness and Exhibit Lists** [Doc. # 166, filed 8/24/2012] (the "Motion for Extension"), filed by Nina Kazazian.

I have set two motions for hearing on August 30, 2012,--(1) Defendants' Motion for

Reasonable Expenses [Doc. # 139, filed 6/14/2012]; and (2) the Second (Amended) Motion to Enforce Attorney's Lien [Doc. # 149, filed 7/23/2012]. The motions at issue here concern the conduct of that hearing.

I.

In her Motion to Stay [Doc. # 156], Ms. Kazazian seeks alternative relief: either a stay of the proceedings related to the two motions set for hearing on August 30, 2012; or an extension until August 29, 2012, of the time within which Ms. Kazazian must file briefs. In support, Ms. Kazazian argues that she has undergone emergency knee surgery and that she cannot meet existing deadlines as a result of "prescribed pain medications and limited mobility"; has "voluntarily deactivated" her law license "in Colorado effective June 29, 2012," due to personal and family health issues and is "not able to fulfill [her] professional responsibilities with respect to the litigation of these motions at this time"; and cannot afford to retain counsel to represent her.

Her disabilities notwithstanding, Ms. Kazazian asserts in the Motion for Extension [Doc. # 166] that "Lien Claimant has filed a separate action to enforce the Fee Agreement against Plaintiff. . . ." Id. at ¶3.[1] If Ms. Kazazian is able to pursue her claim for attorneys fees in another forum, she is able to participate in this action.

I agree with counsel for the plaintiff that Ms. Kazazian is engaged in "[c]ourthouse shenanigans." She has chosen to assert the Second (Amended) Motion to Enforce Attorney's Lien [Doc. # 149] at this time and in this court, and its pendency allegedly has delayed the

---

[1]In the Motion for Extension [Doc. # 166], Ms. Kazazian also stated that she "will be filing (later today) [August 24, 2012] a Motion to withdraw the Motion to Enforce the Lien in this action." Id. at ¶4. No such motion has been received.

finalization of the settlement of this case to the detriment of her former client. I will not allow her excuses, unsupported by any evidence, to further delay the determination of these motions. Consequently, the Motion to Stay [Doc. # 156] is denied.

II.

The motions to quash seek relief from subpoenas served on plaintiff's current counsel and on the plaintiff (Ms. Kazazian's former client). The first subpoena commands that documents be produced in Vail, Colorado, less than two days after service of the subpoena was accepted. The second subpoena commands production of documents at the hearing on August 30, 2012.

The return date on the first subpoena has passed. The hearing on the Second (Amended) Motion to Enforce Attorney's Lien is set for less than two days hence. All of the documents sought by the first subpoena are subsumed within the second subpoena. In view of these facts, the First Motion to Quash is granted.

The second subpoena was personally served on the plaintiff "sometime during the afternoon of Thursday, August 16, 2012. . . ." Second Motion to Quash [Doc. # 163] at p. 1. It commands the plaintiff to appear and testify at the hearing on August 30, and to produce at the hearing ten categories of documents. I have reviewed the list of documents to be produced, and they appear facially to be relevant to matters in dispute concerning the Second (Amended) Motion to Enforce Attorney's Lien.

The plaintiff seeks to quash the second subpoena with respect to some of the categories of documents arguing that the second subpoena violates my Order [Doc. # 154] disallowing pre-hearing discovery. The plaintiff misapprehends the Order [Doc. # 154]. Although it is true that I

did not allow Ms. Kazazian to take discovery in anticipation of the hearing on August 30, I ruled that "Ms. Kazazian can develop any necessary evidence at that hearing." Id. at pp. 4-5. Thus, the Order [Doc. # 154] anticipates that Ms. Kazazian may subpoena witnesses and documents.

The Second Motion to Quash [Doc. # 163] is denied.

III.

Finally, in her Motion for Extension [Doc. # 166], Ms. Kazazian claims that she "is not personally or professionally able to prepare for, or conduct, a hearing on August 30, 2012," because her aunt is beginning chemotherapy and she is "required to move her residence and office by mid-September." These assertions are unsupported by any evidence and are further "courthouse shenanigans" which do not justify further delay in the determination of the pending motions or final settlement of this case. Consequently, the Motion for Extension [Doc. # 166] is denied.

IT IS ORDERED:

(1)    The Motion to Stay [Doc. # 156] is DENIED;

(2)    The First Motion to Quash [Doc. # 160] is GRANTED;

(3)    The Second Motion to Quash [Doc. # 163] is DENIED; and

(4)    The Motion for Extension [Doc. # 166] is DENIED.

Dated August 28, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge