IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation, and
SUNCOR ENERGY SERVICES INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Motion for Reconsideration Or, In the Alternative Motion for Reassignment of Matters Set for August 30, 2012 to a Different Magistrate Judge, Or for Hearing Before Judge Babcock** [Doc. # 177, filed 8/28/2012] (the "Motion for Reconsideration and Recusal") by Kazazian & Associates LLC, which is DENIED.

I.

I address first the issue of recusal. Kazazian & Associates LLC ("K&A") argues, without any supporting evidence or affidavit, that I have "a bent of mind and a predisposition of questioning [Ms. Kazazian's] credibility such that [I] cannot preside over a full and fair hearing, and should recuse." Motion for Reconsideration and Recusal [Doc. # 177] at ¶1. In support, K&A points to the following:

(1) My refusal to grant a postponement "for at least two months" of the hearing on pending motions as requested by K&A in its Combined Motion to Stay [Doc. # 156] and Motion for Extension [Doc. # 166];

  (2) The characterization contained in my Order [Doc. # 176] refusing to postpone the August 30 hearing that Ms. Kazazian is engaged in "courthouse shenanigans";

  (3) Ms. Kazazian's conclusion that "it appears that the court has joined forces with two male attorneys to beat up on one woman--on the one hand for being an assertive attorney, and on the other for prioritizing her own health and family at no expense to her clients";

  (4) My denial of K&A's request for pre-hearing discovery concerning the Defendants' Motion for Reasonable Expenses [Doc. # 139] and the Second (Amended) Motion to Enforce Attorney's Lien [Doc. # 149]; and

  (5) Orders by the district judge (and not by me) granting the defendants extensions of time based on motions not supported by any evidence "or even a credible explanation as to why [defendants] could not do the work in time."

Disqualification of a judge is addressed in 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . . A party may file only one such affidavit in any case. It shall be accompanied by a certification of counsel of record that it is made in good faith.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978); Hall, 391 F. Supp. at 240.

In addition, disqualification is addressed in 28 U.S.C. § 455, which provides in relevant part:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court.  In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification. . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion. and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or

> a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in <u>Likety v. United States</u>, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Here, K&A has failed to submit any affidavit in support of the request for disqualification and, therefore, has failed to meet the requirements of 28 U.S.C. § 144.

Most of the complaints by K&A concern my prior rulings in this case--denying motions for extension; finding that Ms. Kazazian is engaged in "courthouse shenanigans"; and refusing to allow pre-hearing discovery. These prior adverse rulings, standing alone, are not sufficient to require disqualification based on claims of bias or partiality. <u>Likety</u>, 510 U.S. at 555. Similarly, Ms. Kazazian's unsupported conclusion that I am biased against her because she is a woman is

insufficient to satisfy the requirements for disqualification. Cooley, 1 F.3d at 993. Finally, rulings by the district judge with which K&A disagrees do not require my recusal.

Stated simply, K&A has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against it or Ms. Kazazian. I hold no such bias or enmity. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

II.

K&A also requests that I reconsider my Order [Doc. # 176] and grant a stay and extension of time postponing the hearing on the Defendants' Motion for Reasonable Expenses [Doc. # 139] and the Second (Amended) Motion to Enforce Attorney's Lien [Doc. # 149].

Grounds warranting reconsideration of a prior ruling include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. A motion for reconsideration is not a mechanism to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Id.

K&A's request for reconsideration reargues points previously made and rejected. There is no basis to reconsider my prior rulings.

IT IS ORDERED that the Motion for Reconsideration and Recusal [Doc. # 177] is DENIED in its entirety.

Dated August 29, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge