IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00081-LTB-BNB

BRENDA M. LOPEZ,

Plaintiff,

v.

SUNCOR ENERGY USA, INC.,
a Delaware corporation, and
SUNCOR ENERGY SERVICES, INC.,

Defendants.

_____

PLAINTIFF'S RESPONSE TO MS. KAZAZIAN'S MOTION TO WITHDRAW MOTION TO ENFORCE LIEN AND VACATE AUGUST 30, 2012 HEARING ON THE MOTION and MOTION TO APPEAR BY TELEPHONE IF THE COURT PROCEEDS WITH THE HEARING ON DEFENDANT'S MOTION FOR FEES

_____

PLAINTIFF Brenda M. Lopez ("the Plaintiff") responds to the last-minute motions described above filed by "Lien Claimant Kazazian & Associates, LLC," appearing *pro se* in this case, but whose pleadings are signed by Nina H. Kazazian, Esq., an attorney who has, as she puts it, "taken a break from the practice of law" and placed her license to practice law in Colorado on inactive status.[1]

1. After filing an attorney's lien, then moving for its enforcement, then moving for authority not to enforce it, then reasserting it for a second time, and then within the last few days unilaterally and without leave of court amending it and expanding is scope, Ms. Kazazian now, on the day before a hearing on her motion to enforce the lien on behalf of Kazazian &

---

[1] Statutory business entities such as a limited liability company do not practice law, nor do they appear in litigation "pro se." Only properly licensed natural persons practice law.

Associates, LLC, seeks to withdraw the lien in order to litigate its merits in a state court civil action Ms. Kazazian has brought.

2. There may have been a time when the Plaintiff might have allowed Kazazian & Associates, LLC to withdraw its lien in this Court with impunity, but that time has clearly passed given Ms. Kazazian's stunning series of maneuvers after the lien's original filing, its purported withdrawal, its reassertion, its "amendment" and enhancement, and, now in a blatant effort at forum shopping, in assertion of the lien by collateral attack on this court's decisions in the nascent state court litigation in Douglas County District Court in <u>Kazazian & Associates, LLC v. Lopez, et al., Civil Action No. 12-CV-1875</u> . Moreover, a review of the attorney-client agreement between Kazazian & Associates, LLC and the Plaintiff, drafted in its entirety by Ms. Kazazian (Doc # 122-1), makes clear that any fee disputes concerning it be heard and determined by this Court.

> … If the parties cannot agree how attorney is to be compensated in this circumstance, the Attorney will request the court to determine (1) if the Client has been unfairly or unjustly enriched if he (sic) does not pay a fee to the Attorney, and (2) the amount of the fee owed, taking into account the nature and complexity of the case, the time an skill devoted (sic) the Attorney has devoted to the case, the Attorneys' regular hourly rate at the time, and the benefit obtained by the Client as a result of the Attorney's efforts.[2]

It is clear that from a tactical perspective, Ms. Kazazian has determined that her best interests lie in attempting to enforce her claimed lien and other attorney's fee claims before a court that knows little or nothing of the issues rather than before a court that knows everything about them. Ms. Kazazian's motion should be denied.

3. The Plaintiff objects to the remainder of the relief sought in her present motion. The lien dispute is the result of Ms. Kazazian's efforts only, and she should be present to permit

---

[2] Doc # 122-1 , p.2, para. 1

2

her claim to be determined or rejected, as the case may be. The relief sought should be determined in the long-set hearing on August 30, 2012. Plaintiff needs to be paid the settlement she and the Defendants agreed upon June 15, 2012 and not be further delayed by Ms. Kazazian's continued baseless filings.

## CONCLUSION

The Plaintiff requests that the relief sought by Kazazian & Associates, LLC be denied in its entirety.

Dated this 29th day of August, 2012.

THE BURKE LAW FIRM, P.C.

/s/ *Thomas J. Burke, Jr.*
Thomas J. Burke, Jr., #547
1801 Broadway, Suite 1100
Denver, Colorado 80202
Phone: 303-292-0110; Fax: 303-292-3661
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2012, I electronically filed the foregoing with the Clerk of Court U.S. District Court of Colorado using the CM/ECF online filing system which will send notification of such filing to the following email addresses:

Mark T. Barnes #23091
Susan P. Klopman #33179
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Emails: mbarnes@bhfs.com
sklopman@bhfs.com

I also hereby certify that a true and correct copy of the foregoing was sent to the following additional individuals in this action, via: email and/or telefax as follows:

Brenda M. Lopez
3309 Cremello Ct
Castle Rock CO 80104                    email: "confidential to attorney"

3

Nina H. Kazazian
Kazazian & Associates, LLC
1300 N. Frontage Rd. W, #1952
Vail, CO 81658                                   Via: telefax: 303-484-4362

                __/s/ Deborah Elmore_____
                Deborah Elmore, paralegal